OPINION. Keen, Judge: We have set out in some detail the provisions of the trust instrument here involved, since it is most ingenious and presents a question which is both novel and difficult. As to the difficulties incident in general to the class of cases represented by the one now before us, see the concurring opinion" of Sanborn, J., in Stockstrom v. Commissioner, 148 Fed. (2d) 491. The respondent has determined and now contends that the income of the trust created by petitioner is taxable to him under section 22 (a) of the Internal Revenue Code as interpreted by Helvering v. Clifford, 309 U. S. 331, and other cases. The petitioner, while implicitly conceding that the trust income would be taxable to him after 1959, under the rule of Commissioner v. Buck, 120 Fed. (2d) 775, contends that during the taxable year, on account of the requirement that the income of the trust be accumulated rather than distributed, he had no such powers over the trust income as to warrant a conclusion that he was the owner of it for tax purposes. While no cases are cited by either party which are directly in point, the petitioner relies heavily on the case of Commissioner v. Bateman, 127 Fed. (2d) 266. Briefly stated, the facts in that case were that the settlor granted a considerable sum in trust to three independent trustees, with full powers of management, and provided that 5 percent of the trust income was to be accumulated during the existence of the trust (which was to last.during the settlor’s life) and that upon her death the corpus, including the accumulated income, was to go to those persons designated by her will or to her heirs. The question whether the 5 percent of the trust income thus accumulated during the life of the settlor was taxable to her under section 22 (a) and the doctrine of the Clifford case was considered at length by the Circuit Court. The distinguished jurist who wrote the opinion on behalf of that court, Judge Magruder, was quite evidently troubled by the problem posed by that case, but reached the conclusion that section 22 (a) was not applicable. However, that case, it is apparent, was much stronger for the taxpayer than is the one which is now before us. In this case the settlor is also one of two cotrustees having broad administrative powers; he has the absolute power to remove his cotrustee; the original cotrustee and his designated successor were close business associates of petitioner ; the corpus of the trust consisted of securities of a corporation completely dominated by petitioner; and the petitioner settlor not only had the power to provide for the disposition of the accumulated income upon his death, but also had the power to designate the beneficiary or beneficiaries who should enjoy the income after 1959, if the trust should last that long (and that date was well within petitioner’s life expectancy). We are of the opinion that the facts here present are more analogous to Commissioner v. Buck, supra, than to the Bateman case. One of the peculiarities of the trust before us is that, despite the manifold provisions of the exquisitely drawn trust agreement, there is no beneficiary with a vested indefeasible equitable interest. Petitioner’s wife or brother may be the actual beneficiary, but it rests in petitioner’s power at all times to determine who shall be the beneficiary of the trust, and for how long and in what amounts, and who shall receive the corpus upon the termination of the trust. The net effect of the arrangement here is that petitioner devoted securities in a business controlled by him to a trust controlled by him for the purpose of accumulating a fund which will ultimately go to such persons as he may decide upon, and the income from which shall ultimately be paid to those beneficiaries whom he may choose, such accumulation to be made without the payment of those taxes which would have been paid if he had himself made the accumulations without the benefit of the trust device. Cf. Morsman v. Commissioner, 90 Fed. (2d) 18. We conclude that respondent did not err in taxing to petitioner the income of the trust in question during the taxable year. Decision will be entered for the respondent.